IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,419






EX PARTE ALEX CORTEZ, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM EL PASO COUNTY






 Per curiam.



O P I N I O N


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). The record shows that Applicant was charged with and pled guilty to several
offenses, one of which was possession of a controlled substance, cocaine, in an amount of
less than one gram. 

 In accordance with a plea agreement, the trial court sentenced Applicant in each case
to concurrent terms of two years in a state jail facility. At the time of the guilty pleas, the
substance alleged to have been cocaine in the possession charge had not been tested by a
crime lab, although a field test conducted at the time of arrest indicated positive for the
presence of cocaine.

 Approximately three months after the guilty plea, the substance was analyzed by a
chemist at the Department of Public Safety crime lab. Lab results revealed that it was not
cocaine, and the lab informed the State of this fact. Upon learning of this new evidence, the
State correctly informed Applicant's counsel of the lab results and agreed to cooperate and
expedite this case to ensure that justice is served. This writ application followed with
Applicant and the State submitting agreed findings of fact and conclusion of law to the trial
court. The trial court recommends that relief be granted. We agree.

 It is well settled that claims of actual innocence are cognizable in habeas review. Ex
parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In order to succeed on an actual
innocence claim, an applicant must prove, by clear and convincing evidence, that the newly
discovered evidence establishes his innocence. Ex parte Tuley, 109 S.W.3d 392, 397 (Tex.
Crim. App. 2002). 

 Here, the newly discovered evidence consists of results of tests performed by the
Department of Public Safety crime lab. These results indicate that the substance possessed
by Applicant was not cocaine, and indeed, that no controlled substance was detected. Thus,
there is clear and convincing evidence that no rational jury would convict Applicant in light
of these results. Relief should be and hereby is granted. 

 The judgment and sentence in Cause Number 20050D03286 of the 346th Judicial
District Court of El Paso County is vacated. The Director of the Texas Department of
Criminal Justice, Institutional Division, is ordered to return Applicant to the custody of the
El Paso County Sheriff for further proceedings consistent with this opinion. A copy of this
opinion shall be forwarded to the Department of Criminal Justice, Institutional Division.


DO NOT PUBLISH

DELIVERED: May 24, 2006